IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CRIMINAL NO. 3:19-CR-12-S-2 |
| | § |
| WILLIE MACK GREEN, | § |
| #32521-177, | § |
| DEFENDANT. | § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Willie Mack Green's *Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act*, which was referred to the United States Magistrate Judge under 28 U.S.C. § 636(b). Crim. Doc. 349. The Government has filed a response in opposition, arguing that Green failed to exhaust his administrative remedies and his motion nevertheless fails on the merits. Crim. Doc. 353. As detailed here, the motion should be **DENIED WITHOUT PREJUDICE** as unexhausted.

Green seeks compassionate release, alleging a "disparity in his sentence" as compared to other similarly situated individuals. Crim. Doc. 349 at 2-3. However, he fails to show he exhausted his administrative remedies by first presenting his sentencing claim in a request to the warden. Crim. Doc. 353 at 2-3.

For a motion to be properly before the Court, the defendant must either exhaust all administrative remedies, or 30 days must elapse "from the receipt of [a compassionate release request] by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The § 3582(c)(1)(A) exhaustion requirement is a "mandatory claim-processing rule" *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 920

<003E

(2020) (holding the requirement is nonjurisdictional but mandatory). "Congress used clear language: all requests for compassionate release must be presented to the Bureau of Prisons ["BOP"] *before* they are litigated in the federal courts." *Id.* (emphasis added). Further, "when properly invoked, [the mandatory exhaustion requirement] must be enforced." *United States v. Garrett*, 15 F.4th 335, 340 & n.7 (5th Cir. 2021) (cleaned up and quoted case omitted).

&#x20;&#x20;&#x20;&#x20;Here, Green did not submit a request to the warden raising the sentencing argument he presents in his motion. He proffers no evidence that he ever filed such a request and the BOP confirms it did not receive such a request. Crim. Doc. 353 at 3. Green thus failed to properly exhaust his administrative remedies prior to filing the present motion and the Court lacks discretion to excuse his failure to do so. *Garrett*, 15 F.4th at 340 & n.7 ("The government raised the issue of exhaustion below; therefore, the district court did not have discretion to excuse non-exhaustion.").

&#x20;&#x20;&#x20;&#x20;For the foregoing reasons, it is recommended that Green's motion for compassionate release be **DENIED WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies.

&#x20;&#x20;&#x20;&#x20;**SO RECOMMENDED** on February 8, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).