# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:19-CR-12-S-2 |
| | § | |
| WILLIE MACK GREEN | § | |
| | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On December 27, 2021, Defendant Willie Mack Green filed a Motion for Compassionate Release ("Motion") [ECF No. 349], seeking compassionate release based on an alleged "disparity in his sentence" as compared to other similarly situated individuals. The Court referred Defendant's Motion to United States Magistrate Judge Renee Harris Toliver for consideration. *See* ECF No. 350. On February 8, 2022, the United States Magistrate Judge made findings, conclusions, and a recommendation ("FCR") [ECF No. 355]. Thereafter, Defendant filed a Response to Government's Response to Defendant's Motion for Compassionate Release ("Response") [ECF No. 358], which the Court construes as an objection to the FCR. Accordingly, the Court reviews *de novo* those portions of the FCR to which Defendant objects.

In the FCR, the Magistrate Judge found that Defendant did not exhaust his administrative remedies prior to filing his Motion as required under 18 U.S.C. § 3582(c)(1)(A). The Magistrate Judge noted that Defendant had submitted neither a request to the warden raising the sentencing argument nor proffered any evidence that he ever filed such a request.

In his Response objecting to the FCR, Defendant asserts that he has effectively exhausted his administrative remedies. Defendant claims that the administration at FCC Forrest City, where Defendant is housed, "has adopted a policy of submitting a request for compassionate release

through email submission." Resp. 2. Defendant asserts that he sent an email request to the compassionate release coordinator in accordance with the prison's internal policy, but that he did not receive a response. *Id.* However, Defendant does not state the date on which he submitted his request to the compassionate release coordinator, nor does he provide a copy of his request. On this record, the Court finds that Defendant failed to properly exhaust his administrative remedies prior to filing the Motion.

Even if Defendant had properly exhausted his administrative remedies, however, the Court concludes that the Motion should nonetheless be denied because Defendant has not shown extraordinary or compelling reasons warranting a sentence reduction. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Rather, Defendant complains generally about a "gross disparity" in his sentence. Mot. 3. He avers the Court sentenced him "to the maximum allowable sentence" for possession of marijuana and that "similiarly [sic] situated individuals convicted for this type of offense would have received the low end of the guidelines for such a low level offense." *Id.* at 2. He also maintains that the "growing consensus that marijuana should be legal only mitigates his position." *Id.* Defendant does not, however, present any unique circumstances that would suffice to show extraordinary and compelling reasons for compassionate release under the facts of his case. At best, he has provided only conclusory assertions and general policy arguments.

Further, Court finds that the 18 U.S.C. § 3553(a) sentencing factors weigh against Defendant's request for a sentence reduction. *See United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (agreeing that "compassionate release is discretionary, not mandatory," and can be refused by the district court after weighing the sentencing factors of 18 U.S.C. § 3553(a)). Defendant is currently incarcerated for possession of a controlled substance with intent to

distribute. He accepted a plea agreement which allowed him to plead to a lesser offense carrying a maximum punishment of 60 months imprisonment. *See* ECF Nos. 229, 232. According to the Presentence Investigation Report [ECF No. 263], Defendant was responsible for 272.2 kilograms of marijuana and received a combined four-level enhancement for possession of a dangerous weapon and maintaining a premises for the purpose of drug distribution. Additionally, Defendant qualified for a criminal history category of IV based on his extensive prior criminal activity, which included a federal drug conviction and several firearm offenses. *Id.*

While Defendant's guideline imprisonment range was 84-105 months based on the drug quantity and criminal history category, his sentence was limited to a maximum of 60 months due to his guilty plea to the lesser offense. Accordingly, on February 1, 2021, the Court sentenced Defendant to 60 months' imprisonment, and the greater charges of conspiracy to distribute a controlled substance and felon in possession of a firearm were dismissed. The original and superseding indictments, which charged him with conspiracy to distribute a controlled substance and felon in possession of a firearm, were dismissed. *See* ECF Nos. 320, 321, 322.

The Court finds that reducing Defendant's sentence will not adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes. Defendant's extensive criminal history and the large quantity of controlled substance involved in the offense weigh heavily against release. *See United States v. Martinez*, 832 F. App'x 906, 906 (5th Cir. 2021) (per curiam) (finding that it was "not unreasonable for [a] court to place greater weight on the seriousness of [the] offense, including the fact that a dangerous weapon was involved in the criminal activity" when it denied compassionate release). Moreover, Defendant's projected release date is not until March 14, 2023. *See United States v. Thompson*, 984 F.3d 431, 434–35

(5th Cir. 2021), *cert. denied*, 141 S. Ct. 2688, 210 L. Ed. 2d 843 (2021) (reserving compassionate release for defendants who "had already served the lion's share of their sentences").

\* \* \*

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

It is therefore **ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies and, even assuming exhaustion, the Motion is **DENIED** on the merits.

**SO ORDERED.**

SIGNED April 4, 2022.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**